OLIVER W. WANGER, Bar No. 40331
Wanger Jones Helsley PC
265 E. River Park Circle, Suite 310
P.O. Box 28340
Fresno, CA 93729
Telephone: (559) 233-4800
Fax: (559) 233-9330
owanger@wjhattorneys.com

MARC DAYS, Bar No. 184098
Days Law Firm
1107 R Street
Fresno, CA 93721
Telephone: (559) 708-4844
Fax: (559) 486-1826
marcdays@dayslawfirm.com

JOHN BALAZS, Bar No. 157287
Attorney at Law
916 2nd Street, Suite F
Sacramento, CA 95814
Telephone: (916) 447-9299
Fax: (916) 557-1118
balazslaw@gmail.com

Attorneys for Defendant
DENNIS FALASCHI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DENNIS FALASCHI,<br><br>    Defendant. | No. 1:22-CR-00103-JLT<br><br>**Defendant Dennis Falaschi's Motion to Sever Counts 1-2 from Counts 3-5 for Trial**<br><br><u>Motion Hearing:</u><br>Date: January 23, 2023<br>Time: 10:00 A.M.<br>Hon. Jennifer L. Thurston |

Defendant Dennis Falaschi, through counsel, moves for an order severing counts 1-2 from counts 3-5 for trial on two grounds. First, counts 1-2 are improperly joined with counts 3-5 under Federal Rule of Criminal Procedure 8(a). Second, even if the counts were properly joined, the Court should sever counts 1-2 from counts 3-5 to avoid unfair prejudice to Mr. Falaschi under Federal Rule of Criminal Procedure 14(a).

### I. Procedural History

In an Indictment filed April 14, 2022, the government charges Mr. Falaschi with two sets of unrelated counts. ECF No. 1. Counts 1-2 allege that as the General Manager of Public Water District 1 (PWD), Mr. Falaschi directed the theft of water from the Bureau of Reclamation, an agency of the U.S. Department of the Interior. In particular, count 1 charges a conspiracy in violation of 18 U.S.C. § 371 and count 2 charges theft of government property in violation of 18 U.S.C. § 641. Counts 3-5 involve unrelated charges of filing false tax returns for tax years 2014, 2015, and 2016, respectively, in violation of 26 U.S.C. § 7206(1).

A status conference is set for February 1, 2023, at 1 p.m., before Magistrate Judge Sheila K. Oberto.

### II. The Court should sever counts 1-2 from counts 3-5 for trial under Federal Rules of Criminal Procedure 8(a) and 14(a).

#### A. Because counts 1-2 are misjoined with counts 3-5, counts 1-2 should be severed from counts 3-5 under Rule 8(a).

Federal Rule of Criminal Procedure 8(a) permits offenses to be joined against a single defendant in an Indictment if the offenses are: (1) "of the same or similar character;" (2) "based on the same act or transaction;" or (3) connected with or constitut[ing] parts of a common scheme or plan." Fed. R. Crim. P. 8(a).[1] "Because Rule 8 is concerned with the propriety of

---

[1] Rule 8(a) states, in full:

**(a) Joinder of Offenses.** The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

USA v. Falaschi, 1:22-CR-00103-JLT  
Motion to Sever

-2-

joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." *United States v. Terry,* 911 F.2d 272, 276 (9th Cir. 1990); *see also United States v. VonWillie,* 59 F.3d 922, 929 (9th Cir. 1995) ("In making our assessment, we examine only the allegations in the indictment."). Misjoinder of charges under Rule 8(a) is a question of law reviewed de novo. *United States v. Jawara,* 474 F.3d 565, 572 (9th Cir. 2007)

Here, counts 1-2 are misjoined with counts 3-5 because the two sets of charges are neither "of the same or similar character," "based on the same act or transaction," nor "connected with or constituting parts of a common scheme or plan."

### 1.  "Same act or transaction" and "common scheme or plan"

Counts 1-2 and counts 3-5 are not properly joined as either "based on the same act or transaction" or "connected with or constitut[ing] parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "The term 'transaction' is to be interpreted flexibly and 'may comprehend a series of related occurrences.'" *Terry*, 911 F.2d at 276 (*quoting United States v. Kinslow*, 860 F.2d 63, 966 (9th Cir. 1988)). "Counts are based on the same act or transaction if there is a 'logical relationship between the transactions' which 'is typically shown by the existence of a common plan, scheme, or conspiracy.'" *United States v. Millegan,* 2021 U.S. Dist. Lexis 118941, at *11 (D. Or. 2021) (*quoting United States v. Vasquez-Velasco*, 15 F.3d 833, 843-44 (9th Cir. 1994)). Under the "common scheme or plan" inquiry, courts "ask whether '[c]ommission of one of the offenses [] either depended upon [] or necessarily led to the commission of the other; proof of the one act [] either constituted [] or depended upon proof of the other.'" *Jawara,* 474 F.3d at 574 (*quoting United States v. Halper,* 590 F.2d 422, 429 (2d Cir. 1978)). Looking at the Indictment, there is no nexus between the two sets of counts.

According to the Indictment, Mr. Falaschi was the General Manager for Public Water District 1 (PWD), a special state district established to provide water to over 38,000 acres of farmland in Fresno and Merced counties. ECF No. 1, at ¶¶ 1-2. PWD obtained water in various ways, including by purchasing it from the federal government and receiving it from the Bureau of Reclamation's Central Valley Project. *Id.* The Central Valley Project delivers water through the Delta-Mendota Canal (DMC) to the PWD and other water districts. *Id.* at ¶ 5.

Count 1 alleges that from about 1992 through April 30, 2015, Mr. Falaschi and others, including PWD EMPLOYEES 1 through 8, conspired to commit theft of government property, that is, "federal water from the DMC that belonged to the Bureau of Reclamation so as to increase the overall amount of water that PWD had available to sell to its customers and to pump back into the DMC for credits." *Id.* at ¶ 10. The Indictment alleged that Mr. Falaschi and other PWD employees performed a number of overt acts in furtherance of the conspiracy, including using a "Lift" to steal water from the DMC. *See, e.g., id.* at ¶¶ 14, 16, & 19-21. Count 2 alleges that Mr. Falaschi committed theft of DMC water between March 1, 2015 and April 30, 2015. *Id.* at ¶¶ 31-32. Overall, the Indictment alleges that Mr. Falaschi and others caused over 130,000 acre feet of federal water to be improperly taken from the DMC, over a 23-year period, an average rate of 15.5 acre feet per day, through a leak into a standpipe with a total value of over $25 million. *Id.* at ¶¶ 12 & 16.

On the other hand, counts 3-5 charge Mr. Falaschi with filing false tax returns for tax years 2014, 2015, and 2016, respectively, in violation of 26 U.S.C. § 7206(1). ECF No. 1, at 7-9. These charges allege that Mr. Falaschi failed to report income he received in deals with two other individuals identified as INDIVIDUAL 2 and INDIVIDUAL 3. First, the Indictment alleges that from about 2011 through 2016, Mr. Falaschi received, as income, payments from INDIVIDUAL 2, who was a PWD contractor that provided farming services to the San Joaquin River Improvement Project. ECF No. 1, at ¶¶ 35-36. Second, the Indictment alleges that between about 2013 through 2016, Mr. Falaschi and INDIVIDUALS 2 and 3 sold approximately $1.95 million in private water sales and split the proceeds with each other. *Id.* at ¶ 37. The Indictment alleges that Mr. Falaschi failed to report the proceeds he received from these deals as income on his tax returns for tax years 2014-2016. *Id.* at ¶¶ 38, 40, & 42.

Here, counts 1-2 are not based on the same act or transaction as counts 3-5. Counts 1 and 2 allege that Mr. Falaschi conspired with PWD employees to (and did in fact) steal water from the DMC that leaked into a standpipe. On the other hand, counts 3-5 allege that Mr. Falaschi failed to report as income proceeds received in unrelated deals with INDIVIDUALS 2 and 3,

who are not PWD employees.  The two groups of charges are based on different acts and transactions.

Nor are the water theft offenses charged in counts 1-2 part of a common scheme or plan with the tax offenses in counts 3-5.  Other than Mr. Falaschi, the two sets of charges involve different conduct with different participants.  In counts 1-2, PWD EMPLOYEES 1-8 are listed as coconspirators while counts 3-5 refer to different participants, INDIVIDUALS 2 and 3.

The Indictment does not allege that any of Mr. Falaschi's private water sales with INDIVIDUALS 2 and 3 involved water purportedly stolen from the DMC or otherwise had anything to do with the water theft allegations.  Indeed, as in *Terry,* "[n]o effort [wa]s made in the indictment even to suggest that the offenses [in counts 1-2] were part of the same transaction or parts of a common scheme [with the offenses in counts 3-5]," and "the evidence necessary to prove [counts 3 through 5] does not overlap with the evidence required to prove Counts 1 and 2." *Terry,* 911 F.2d at 276.

In determining whether tax charges are part of a common scheme or plan with other charges, courts look at whether the money involved in the tax counts is the same as that involved in the other counts.  For example, in *United States v. Whitworth,* 856 F.2d 1268 (9th Cir. 1988), the Court held that espionage and tax evasion counts were properly joined because the "tax evasion *flow[ed] directly* from" the espionage conduct and the tax evasion "*result[ed]* in large part from the necessity of concealing the illegal proceeds of that activity."  *Id.* at 1277 (emphasis added).  Joinder was proper there because "the money allegedly received in exchange for classified information was the same as that involved in the tax charges."  *Id.; see also United States v. Kenny,* 645 F.2d 1323, 1344 (9th Cir. 1981) (holding tax counts properly joined "inasmuch as they arose directly and solely out of unreported income flowing from the illicit contracting activities"); *Millegan,* 2021 U.S. Dist. Lexis 118941, at *12 (finding joinder of investment account churning and tax evasion counts was proper under Rule 8(a) where "[t]he commission money [the defendant] allegedly earned through unlawful churning was included in the funds he allegedly moved to non-disclosed bank accounts and another company to evade tax payments").

But *Whitworth* distinguished the Second Circuit's decision in *United States v. Halper,* 590 F.2d 422 (2d Cir. 1978), that held Medicaid fraud and tax evasion charges were improperly joined because "the sums charged in the income tax evasion indictment were not the same funds embraced in the Medicaid fraud indictment." *Whitworth,* 856 F.2d at 1268 (*quoting Halper,* 590 F.2d at 429).

In cases where funds charged in tax counts did not come from the activity charged in other counts, courts typically find that the charges are not properly joined under Rule 8(a). *See, e.g., United States v. Collins,* 2016 U.S. Dist. Lexis 148387, at **4-8 (N.D. Cal. 2016) (severing tax counts from wire fraud and money laundering counts); *United States v. Lin,* 326 F.R.D. 214, 218-21 (N.D. Cal. 2018) (severing tax counts from financial institution counts); *United States v. Osuagwu,* 2018 U.S. Dist. Lexis 28415, at *2 (N.D. Tex. 2018) ("The indictment makes no connection between the alleged mortgage fraud and the basis of the tax fraud offenses; there is no relatedness of the facts underlying the offenses."). The same is true here. Because the income that Mr. Falaschi allegedly failed to report in his tax returns as charged in counts 3-5 is not derived from the activity in the water theft counts (counts 1-2), joinder is improper under Rule 8(a).

### 2. "Same or similar character"

Nor are the charges in counts 1-2 the same or of similar character to the charges in counts 3-5. The Ninth Circuit instructs courts "to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the 'same or similar character' prong of Rule 8(a)." *Jawara*, 474 F.3d at 578. "This framework also considers the 'extent of common evidence,' particularly, 'the *important* evidence." *Id.* (*quoting United States v. Randazzo,* 80 F.3d 623, 628 (1st Cir. 1996)) (emphasis in original). But again "the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment." *Id.*

In this case, the Indictment alleges two different types of statutory violations requiring proof of different elements. Although there is some overlap in time, the first two counts allege a broad period (1992-April 30, 2015) while the second a much narrower period (2014-16). In any event, "a close temporal relationship is not, in and of itself, a sufficient condition for joinder." *Lin,* 326 F.R.D. at 219 (*quoting Jawara*, 474 F.3d at 575). The alleged victims are different: the Bureau of Reclamation in counts 1-2 and the Internal Revenue Service in counts 3-5. The physical location and modus operandi of the two sets of offenses are different. There may be some minimal evidentiary overlap concerning background about PWD-1 and Mr. Falaschi's role as general manager between the two sets of charges. But it is readily apparent from the face of the Indictment that the *important* evidence needed to prove both sets of charges is vastly different. The water theft charges are not of the same or similar character as the tax charges.

        **B.**        **Counts 1-2 should also be severed from counts 3-5 to avoid unfair prejudice under Rule 14.**

"Even if joinder is permissible under Rule 8, a party who feels prejudiced by joinder may move to sever pursuant to [Rule] 14."[2] *United States v. Smith*, 795 F.2d 841, 850 (9th Cir. 1986). Rule 14 permits the district court to "order separate trials of counts" at its discretion "[i]f the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14.

A defendant can establish prejudice in three ways: "(1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various

---

[2] Rule 14(a) states, in full:

    **(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

crimes charged and find guilt when, if considered separately, it would not so find." *United States v. Johnson,* 820 F.2d 1065, 1070 (9th Cir. 1987) (*quoting Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964)). "The Ninth Circuit recognizes that joinder can prejudice a defendant where otherwise inadmissible proof of one offense becomes admissible through a joined offense." *Millegan,* 2021 U.S. Dist. Lexis 118941, at *14 (granting severance of tax evasion counts from investment account churning counts under Rule 14).

Here, Mr. Falaschi faces unfair prejudice if the tax charges are joined with the water theft charges for trial. It would prejudice him, for example, for the jury to hear evidence that he failed to report income on tax returns when it deliberates on the water theft charges, and vice versa. The jury may unfairly cumulate evidence and find guilt even though the evidence is insufficient to convict beyond a reasonable doubt on either set of charges. Thus, even if the counts were not improperly joined under Rule 8(a), the prejudice to Mr. Falaschi in defending against two sets of unrelated charges warrants severing the tax counts from the water theft counts. *See Osuagwu,* 2018 U.S. Dist. Lexis 28415, at *9 ("Because the indictment fails to establish any connection of the Mortgage Fraud Counts 1-6 and Tax Fraud/Obstruction Counts 7-12, the Court finds Defendant would be prejudiced by joinder of the offenses under Rule 14(a) even if joinder had not been challenged under Rule 8(a).").

### III. Conclusion

For the reasons set forth above, the Court should sever the water theft counts (counts 1-2) from the tax counts (counts 3-5) for trial under Rules 8(a) and 14.

Dated: December 2, 2022,    Respectfully submitted,

/s/ Oliver W. Wanger
OLIVER W. WANGER

/s/ Marc Days
MARC DAYS

/s/ John Balazs
JOHN BALAZS

Attorneys for Defendant
DENNIS FALASCHI