PHILLIP A. TALBERT
United States Attorney
JOSEPH D. BARTON
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00103-JLT-SKO |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING HIS MOTION TO DISMISS THE INDICTMENT |
| v. | |
| DENNIS FALASCHI, | |
| Defendant. | |

## I. INTRODUCTION

The government maintains its position that the defendant, Dennis Falaschi's, motion to dismiss the multi-million-dollar water theft indictment against him is without merit. Mr. Falaschi's motion improperly reaches beyond the four corners of the indictment. He conflates various pieces of evidence that he incorrectly says prove his innocence and seeks a summary trial. In short, his motion ignores the Grand Jury's findings and is foreclosed by well-established precedent that he has declined to address through three rounds of briefing.

## II. FACTUAL BACKGROUND

**A. Grand Jury made detailed findings that Falaschi stole federal water**

A federal Grand Jury indicted Mr. Falaschi, who is the former general manager of the Panoche Water District ("PWD") in Fresno and Merced Counties, California, for conspiring to steal, and stealing, over 130,000-acre feet, or $25,000,000 worth, of federally owned water. Dkt. 1 at ¶¶ 9, 16, 32.

Specifically, the Grand Jury found that Mr. Falaschi instructed his employees to reopen an old drain on the Delta-Mendota Canal ("DMC") that was connected to the PWD's parallel canal. The drain was controlled by a gate that had been cemented closed years earlier and for which the water authority had no record. But the cement had since cracked and water was leaking through the gate. Dkt. 1 at ¶ 12. Mr. Falaschi told his employees to remove the old gate, and thereby the remaining cement, and install a new one that could be opened and closed on demand. He also told his employees to install lids and submerged pipes to enclose the water flowing from the drain into the PWD's canal, use the drain after normal business hours, and misclassify the water in the PWD's reports so that no one would know the drain was operational again. Dkt. 1 at ¶¶ 13-15.

### III. LEGAL ARGUMENT

#### A. Falaschi improperly raises a factual defense that is meant for trial

Mr. Falaschi subsequently filed a motion to dismiss the indictment, which the government opposed. Mr. Falaschi contends that he did not spearhead a decades long water theft as the Grand Jury found. He instead claims to have passively allowed water to seep through the DMC as was permitted under contracts the PWD had entered into with the federal government. Therefore, he claims to be innocent of the crimes with which he is charged.

The Court held a hearing on Mr. Falaschi's motion and gave the parties the opportunity to file supplemental briefs, and replies thereto, after it raised preliminary concerns with Mr. Falaschi's definition of the word seepage. But rather than limit his additional briefing to defining seepage as the court instructed, Mr. Falaschi used it as an opportunity to expand upon his improper arguments.

Mr. Falaschi concedes that the indictment sufficiently alleges an offense on its face and argues that a general contractual provision combined with other evidence saves him. Dkt. 27 at Pg. 4, fn. 4. He is raising an improper factual defense that must wait until trial. *United States v. Nukida*, 8 F.3d 665, 669-70 (9th Cir. 1993); *United States v. Bartlett*, 2019 WL 415039 at *1-2 (E.D. Cal. February 1, 2019). He admits as much by citing to several witness interviews and alluding to voluminous other evidence in support of his claim, and inviting the government to a contested hearing to the extent that it disputes his evidence. The government very much disputes the evidence, but this is not the proper forum for it. *United States v. Schaefer*, 625 F. 3d 629, 635 (9th Cir. 2010) ("[I]f the pretrial motion raises factual

questions associated with the validity of [a] defense, the district court cannot make those determinations. Doing so would invade the province of the ultimate finder of fact."). The dispute must be deferred.

### B. There is no case law supporting Falaschi's arguments

The undersigned was unable to find a single case where a court permitted the type of an attack on an indictment that Mr. Falaschi launches here. This is because an attack like this one, which is founded upon and intertwined with evidence concerning the alleged offense, falls within the province of the trial jury. *Nukida*, 8 F.3d at 669. Mr. Falaschi has not adequately addressed this authority even though he has filed over twenty-five pages of briefing during the last three months in support of his motion. The reason seems clear. It is fatal to his arguments.

### C. Falaschi's arguments are conclusory and illogical

Moreover, Mr. Falaschi's arguments are conclusory and unsupported by the proffered evidence.[1] He simply asserts that the PWD was entitled to seepage under the contracts and then assumes that what happened at the diversion site was permitted seepage as opposed to theft. Mr. Falaschi provides no explanation or analysis for how he reaches this conclusion. In other words, he fails to rebut the Grand Jury's findings that he had his employees install new gates, lids, and pipes, work odd hours, and fabricate reports to steal the water and avoid detection. Therefore, even assuming that Mr. Falaschi's arguments were somehow permitted at this stage, his motion to dismiss is illogical. *United States v. Bartlett*, 2019 WL 415039 at *1-2 (E.D. Cal. February 1, 2019), *citing United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012) (the court should draw all reasonable inferences in favor of the government and assume the government can prove what it has alleged in the indictment to determine whether, if proved beyond a reasonable doubt, a properly instructed jury could convict).

///
///
///

---

[1] The government disputes Mr. Falaschi's interpretation of the contractual provision and does not concede that it is applicable to this case.

3

## IV. CONCLUSION

For these reasons, and for the reasons stated in the government's prior briefing and the hearing on Mr. Falaschi's motion to dismiss, the Court should deny his motion without any further hearings.

Dated: February 21, 2023

PHILLIP A. TALBERT
United States Attorney

By: */s/ Joseph Barton*
JOSEPH BARTON
Assistant United States Attorney